FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 05, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CARISSA LOUISE B.,

                   Plaintiff,

   v.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

NO:  1:19-CV-03065-RHW

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND DENYING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 11, 12.  This matter was submitted for consideration without oral argument.  Plaintiff is represented by attorney D. James Tree.  Defendant is represented by Special Assistant United States Attorney L. Jamala Edwards.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, Plaintiff's Motion, ECF No. 11, is granted and Defendant's Motion, ECF No. 12, is denied.

ORDER - 1

**JURISDICTION**

Plaintiff Carissa Louise B. (Plaintiff), filed for supplemental security income (SSI) on July 10, 2015, alleging an onset date of June 10, 2011. Tr. 192-97. Benefits were denied initially, Tr. 107-14, and upon reconsideration, Tr. 155-61. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on October 3, 2017. Tr. 34-80. On March 2, 2018, the ALJ issued an unfavorable decision, Tr. 12-29, and on February 11, 2019, the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

**BACKGROUND**

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was 24 years old at the time of the hearing. Tr. 40. She graduated from high school. Tr. 40. Plaintiff testified that she was not working because she feels unable to do so. Tr. 40. She has never worked outside the home because it would be too much stress. Tr. 41-42.

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158

(9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy

this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity since July 10, 2015, the application date. Tr. 17. At step two, the ALJ found that Plaintiff has the following medically determinable impairments: depressive disorder, anxiety disorder, and attention deficit hyperactivity disorder (ADHD). Tr. 17. At step three, the ALJ found that Plaintiff does not have an

ORDER - 6

impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 17.

The ALJ then found that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels with the following nonexertional limitations:

> she can understand, remember, and carry out simple instructions; she can make judgments commensurate with the functions of unskilled work (i.e. work that needs little or no judgment to do simple duties, that a person can usually learn in 30 days, and that little specific vocational preparation and judgment are needed); she can deal with occasional changes in the work environment; she can respond appropriately to supervision, but she should not be required to work in close coordination with coworkers where teamwork is required; and she can do work that requires no contact with the general public to perform work tasks.

Tr. 18-19.

At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 22. At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found there are other jobs existing in significant numbers in the national economy that Plaintiff can perform such as lumber sorter, lumber straightener, hand packager, fish cleaner, or cleaner II. Tr. 22-23. Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since July 10, 2015, the date the application was filed. Tr. 23.

ORDER - 7

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying supplemental security income under Title XVI of the Social Security Act.  ECF No. 11.  Plaintiff raises the following issues for review:

        1.      Whether the ALJ properly considered the medical opinion evidence;

        2.      Whether the ALJ properly considered Plaintiff's symptoms claims; and

        3.      Whether the ALJ properly considered the lay witness statements.

ECF No. 11.

**DISCUSSION**

**A.    Opinion Evidence**

Plaintiff contends the ALJ improperly rejected the opinions of R.A. Cline, Psy.D., Thomas Genthe, Ph.D., and Holly Petaja, Ph.D, and improperly rejected a portion of the opinion of Emma Billings, Ph.D.  ECF No. 11 at 13-19.  There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)."  *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted).  "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's."  *Id*.  "In addition, the regulations give more weight to opinions that are explained than to

those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

### 1. *Emma Billings, Ph.D.*

Dr. Billings completed a psychological assessment in January 2016 and diagnosed ADHD, primarily inattentive, major depressive disorder, mild, and agoraphobia. Tr. 440-45. Dr. Billings noted Plaintiff does not have any job skills and has never been employed. Tr. 445. She also noted that Plaintiff reported not leaving home without a trusted individual. Tr. 445. Dr. Billings opined that if Plaintiff developed the ability to leave home, she appears to have the intellectual ability to learn new tasks in an employment setting with low stress and little interaction with the public. Tr. 445.

1          The ALJ gave significant weight to Dr. Billings' opinion.  Tr. 20.  The ALJ

2     noted that Dr. Billings opinion about Plaintiff's capacity to work was conditioned

3     on Plaintiff's ability to leave home and found that Dr. Billings "did not provide an

4     opinion about the claimant's self-reported inability to leave her home."  Tr. 20.

5     Thus, the ALJ gave no weight to that point, "especially considering that the record

6     shows she is capable of leaving her home."  Tr. 20.

7          The ALJ failed to properly consider Dr. Billings' opinion.  First, the ALJ

8     misstated or misconstrued Dr. Billings' statement about Plaintiff's ability to leave

9     home.  Dr. Billings said that Plaintiff reported being unable to leave home without

10    a trusted individual, not that Plaintiff reported being completely unable to leave

11    home.  Tr. 445.  Second, the ALJ cited Plaintiff's testimony that she goes to the

12    grocery store but failed to note that Plaintiff testified that her father usually

13    accompanied her because if he does not, she will "get confused easily" and "get

14    panic attacks."  Tr. 21, 46.  The ALJ also found that Plaintiff "is capable of leaving

15    her home and walking to places like appointments," but the record cited indicates

16    only that Plaintiff reported she would not be able to meet weekly for therapy

17    because it was cold outside and she had to walk.  Tr. 21, 536.  This record does not

18    indicate that Plaintiff is capable of going out alone or navigating a work situation

19    by herself.  The ALJ did not cite any evidence contradicting Plaintiff's statements

20    to Dr. Billings regarding her ability to leave her home.

21

ORDER - 10

Additionally, the ALJ concluded that Dr. Billings did not offer an opinion on Plaintiff's ability to go out alone.  Tr. 20.  However, Dr. Billings wrote, "At the present time, [Plaintiff] reports being unable to leave her home unaccompanied and would be unable to participate in job seeking activities or to maintain employment. . . . If at some time in the future her ability to leave her home [alone] is remediated, [Plaintiff] does appear to have the intellectual ability to learn new tasks in an employment setting."  Dr. Billings did not contradict or question Plaintiff's statement regarding her ability to leave home alone and, as discussed *supra*, nothing cited by the ALJ contradicts that finding.  The ALJ's finding appears to have more to do with the weight given to Plaintiff's statement than to Dr. Billings' opinion.  As discussed *supra*, the ALJ failed to cite substantial evidence supporting the conclusion that Plaintiff cannot go out alone.  Thus, the rejection of this portion of Dr. Billings' opinion on that basis is legally insufficient.

2.    *Thomas Genthe, Ph.D., R.A. Cline, Psy.D., and Holly Pegaja, Ph.D.*

In June 2015, Dr. Genthe completed a DSHS Psychological/Psychiatric Evaluation form and diagnosed ADHD and depressive disorder.  Tr. 446-53.  He assessed marked limitation in seven functional areas and severe limitations in two functional areas.  Tr. 448-49.  Notwithstanding, Dr. Genthe noted, "[a]t this point, her depression does not cause clinically significant emotional distress or impairment in functioning."  Tr. 447.

1    Dr. Cline completed a DSHS Psychological/Psychiatric Evaluation form on

2    August 2, 2014 and diagnosed anxiety disorder NOS with features of PTSD, GAD,

3    panic disorder, and agoraphobia.  Tr. 342-46.  He assessed moderate limitations in

4    eight functional areas and a marked limitation in the ability to communicate and

5    perform effectively in a work setting.  Tr. 344-45.  He opined Plaintiff would be

6    impaired for six to nine months with treatment and that after mental health therapy

7    "she may be a good candidate for working with either DVR or GoodWill

8    employment services to help her get her first job."  Tr. 345.

9    The ALJ gave no weight to the opinions of Dr. Genthe and Dr. Cline

10    because they predate Plaintiff's SSI application date.  Tr. 20.  Under Title XVI,

11    supplemental security income benefits are not payable before the date of

12    application, suggesting that evidence prior to the application date might be less

13    relevant.  20 C.F.R. §§ 416.305, 416.330(a); Social Security Ruling 83-20.  Dr.

14    Genthe's June 6, 2015 opinion predates the July 10, 2015 application date by one

15    month and Dr. Cline's August 2014 opinion predates the application date by

16    almost one year, but both opinions are dated well after Plaintiff's alleged onset

17    date of June 10, 2011.

18    Although the opinions predate Plaintiff's SSI application, the Ninth Circuit

19    has held that the ALJ is required to consider "all medical opinion evidence."

20    *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. §

21    404.1527(b)); 20 C.F.R. § 416.927.  Furthermore, the regulations indicate that

ORDER - 12

1    medical opinion evidence predating the claimant's filing can be relevant. *See* 20

2    C.F.R. § 416.912(d) (stating that "[b]efore we make a determination that you are

3    not disabled, we will develop your complete medical history for at least the 12

4    months preceding the month in which you file your application unless there is

5    reason to believe that development of an earlier period is necessary or unless you

6    say that your disability began less than 12 months before you filed your

7    application."). Social Security Ruling 18-1p notes that a claimant may meet the

8    definition of disability but not be eligible for disability payments for non-medical

9    reasons under title XVI. For all of these reasons, the ALJ should have further

10    considered the opinions of Dr. Genthe and Dr. Cline.

11        The ALJ also gave less weight to Dr. Genthe's opinion because he did not

12    provide an opinion about Plaintiff's functional capacity for a period of 12 months

13    or more. Tr. 20. The regulations provide that "[u]nless your impairment is

14    expected to result in death, it must have lasted or must be expected to last for a

15    continuous period of at least 12 months. We call this the duration requirement."

16    20 C.F.R. § 416.909. Plaintiff suggests duration is only relevant at step two and

17    that the ALJ's finding of severe mental impairments indicates the duration

18    requirement was met. ECF No. 15 at 22. The Court need make no finding on this

19    issue since the matter is remanded on other grounds.

20        The ALJ also rejected the opinion of Holly Petaja, Ph.D., because it is based

21    on the opinions of Drs. Cline and Genthe. Tr. 20. In June 2015, Dr. Petaja

1    completed a DSHS Review of Medical Evidence form. Tr. 454-55. She reviewed

2    the reports of Drs. Cline and Genthe and concluded their diagnoses and functional

3    limitations were supported by the evidence. Tr. 454. Since the opinions of Dr.

4    Cline and Dr. Genthe should be reconsidered on remand, Dr. Petaja's opinion must

5    also be reconsidered.

6    **B.    Symptom Testimony**

7            Plaintiff contends the ALJ erred by rejecting her symptom testimony. ECF

8    No. 11 at 4-13. An ALJ engages in a two-step analysis to determine whether a

9    claimant's testimony regarding subjective pain or symptoms is credible. "First, the

10   ALJ must determine whether there is objective medical evidence of an underlying

11   impairment which could reasonably be expected to produce the pain or other

12   symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).

13   "The claimant is not required to show that her impairment could reasonably be

14   expected to cause the severity of the symptom she has alleged; she need only show

15   that it could reasonably have caused some degree of the symptom." *Vasquez v.*

16   *Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

17           Second, "[i]f the claimant meets the first test and there is no evidence of

18   malingering, the ALJ can only reject the claimant's testimony about the severity of

19   the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

20   rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

21   citations and quotations omitted). "General findings are insufficient; rather, the

ORDER - 14

ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834); *see also Thomas*, 278 F.3d at 958 ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)). In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

The ALJ gave four reasons for giving less weight to Plaintiff's symptoms claims: (1) a lack of medical opinions supporting the severity of symptoms alleged; (2) mental exam findings consistent with the RFC; (3) Plaintiff's activities; and (4) improvement with medication. Tr. 20-21. Because the analysis of these questions is dependent at least in part on the ALJ's evaluation of the medical evidence which the ALJ is instructed to reconsider on remand, the Court declines to address these findings. On remand, the ALJ is instructed to conduct a new sequential analysis after reconsidering the medical opinion evidence.

ORDER - 15

1    **C.    Lay Witness Testimony**

2    Plaintiff contends the ALJ failed to properly assess the lay witness testimony

3    of her father, John Brand.  ECF No. 11 at 19-21.  Mr. Brand testified that even if she

4    started a job, he did not think she would be able to maintain it based on his

5    experience of seeing her get frustrated at different tasks and her inability to deal with

6    people.  He testified that she does not function in a typical way and seems to be

7    "perpetually almost going backwards."  Tr. 38-39.

8    An ALJ must consider the testimony of lay witnesses in determining whether

9    a claimant is disabled.  *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053

10    (9th Cir. 2006).  Lay witness testimony regarding a claimant's symptoms or how an

11    impairment affects ability to work is competent evidence and must be considered by

12    the ALJ.  If lay testimony is rejected, the ALJ "'must give reasons that are germane

13    to each witness.'"  *Nguyen v. Chater*, 100 F.3d 1460, 1467 (9th Cir. 1996) (citing

14    *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

15    The ALJ gave some weight to Mr. Brand's statements and agreed that

16    Plaintiff has significant problems as reflected in the RFC finding, noting that her

17    primary limitation is social and that she would be limited to simple routine tasks

18    with no complex or detailed tasks and no decision-making or judgment.  Tr. 22.

19    However, to the extent Mr. Brand's statement differed from the RFC, the ALJ

20    rejected them for the same reasons he did not accept Plaintiff's allegations.  For the

21    reasons indicated *supra*, this reasoning must be reconsidered on remand.

ORDER - 16

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. On remand, the ALJ should reconsider the psychological opinion evidence and conduct a new sequential evaluation.

Accordingly,

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is GRANTED.

2. Defendant's Motion for Summary Judgment, ECF No. 12, is DENIED.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** February 5, 2021.


_____*s/ Robert H. Whaley*_____
ROBERT H. WHALEY
Senior United States District Judge

ORDER - 17